UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-00354

| | |
|---|---|
| **MELINDA H. GRIFFIS,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ORDER |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 13) and the Commissioner's Motion for Summary Judgment (Doc. No. 25). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

On August 19, 2013, Plaintiff filed claims for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging disability since January 2, 2013. (Tr. 110, 122). Plaintiff filed for supplemental security insurance benefits on March 24, 2014, alleging the same disability onset date. (Tr. 140, 158). Plaintiff's claims were ultimately denied, and Plaintiff appealed to this Court.

On March 28, 2019, this Court remanded the matter to the Social Security Administration for further consideration of Plaintiff's limitation in concentration, persistence, and pace pursuant to Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (Tr. 853–57). On April 23, 2019, consistent with the Court's order, the Appeals Council remanded the matter to the ALJ. (Tr. 858–60). The Appeals

1

Council stated that Plaintiff had filed a subsequent disability benefit claim on May 30, 2017, and, because this claim was duplicative of Plaintiff's prior claims, ordered the ALJ to consolidate them. (Tr. 860).

On May 23, 2019, the ALJ held a hearing at which Plaintiff, an attorney representative, and a vocational expert appeared. (Tr. 1382–1429). On February 4, 2020, the ALJ held a supplemental hearing at which Plaintiff, an attorney representative, Mr. Shelton, a medical expert, and a vocational expert appeared. (Tr. 717–55). During this hearing, Plaintiff's attorney amended the alleged onset date to January 23, 2017. (Tr. 733).

On March 11, 2020, the ALJ issued a partially favorable decision, determining that Plaintiff was disabled as of January 8, 2019, which had the effect of granting supplemental security insurance benefits but not disability insurance benefits as Plaintiff's date last insured had expired as of June 30, 2018. (Tr. 760–74). Per 20 C.F.R. § 404.1520(a), the ALJ followed the five-step sequential evaluation process in his analysis of Plaintiff's alleged disability and ultimately determined that Plaintiff was not disabled within the meaning of the Act from her alleged onset date through January 7, 2019. (Tr. 770–71). The ALJ found that Plaintiff's impairments satisfied Listing section 12.03 beginning on January 8, 2019, causing her to be disabled from that date. (Tr. 771–72).

The Appeals Council denied Plaintiff's request for review on October 13, 2021, rendering the ALJ's decision Defendant's final administrative decision on Plaintiff's claim. (Tr. 705–07). Thereafter, Plaintiff timely filed this action.

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

**III.     Standard of Review**

This Court's review of the Commissioner's determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. Mascio, 780 F.3d at 634. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). A reviewing court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," this Court will defer to the Commissioner's decision. Id. (internal quotation marks omitted). Thus, the only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**IV.     Discussion**

   **A.     Introduction**

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the ALJ's decision is supported by substantial evidence. The undersigned finds that it is.

3

## B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her residual functional capacity, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i–v).

In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process, reasoning that based on Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including working as a routing clerk, photocopy machine operator, and retail marker. (Tr. 771).

## C. The Administrative Decision

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 21). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments prior to the disability date of January

4

8, 2019: generalized anxiety disorder with panic attacks; agoraphobia; bipolar disorder; personality disorder; degenerative disc disease; post-traumatic stress disorder; hypothyroidism; and obesity. (Tr. 763). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 763–65).

The ALJ then found that, prior to January 8, 2019, Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

> [N]o climbing ladders, ropes, or scaffolds; frequent climbing of ramps or stairs; frequent balancing, stooping, kneeling, crouching and crawling; fine fingering is limited to frequent in the right dominant upper extremity; she should avoid all exposure to unprotected heights, moving mechanical parts and other workplace hazards. [Plaintiff] can maintain concentration, persistence and pace for simple and repetitive tasks with customary breaks; is limited to a low-stress work environment, which is defined here as requiring no decision or judgment to be made on executive, managerial, fiscal or personnel matters; no assembly line work or strictly-enforced daily production quotas; and few changes in a routine work setting. She can have no interaction with the general public and can only occasionally interact with co-workers and supervisors but with no tandem or group tasks required.

(Tr. 765).

In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. §§ 404.1529 and 416.929 and SSR 16-3p. (Id.) The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927. (Id.) While the ALJ found that Plaintiff's impairments could reasonably be expected to cause her alleged symptoms, he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully supported prior to January 8, 2019. (Tr. 769).

5

At the fourth step, the ALJ found that Plaintiff was unable to perform her past relevant work as an office manager, residential appraiser, and bookkeeper. (Tr. 770).

At step five, the ALJ found that, prior to January 8, 2019, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 771). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Act from her alleged onset date through January 7, 2019. (Tr. 770–71). As of January 8, 2019, the ALJ determined that Plaintiff's impairments satisfied Listing section 12.03 and thus she was disabled as of that date. (Tr. 771–72).

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error: (1) the ALJ failed to assign proper weight to the opinion of Plaintiff's treating physician Dr. Deborah Barnett; and (2) the ALJ failed to comply with the requirements of Mascio v. Colvin, supra, as mandated by this Court in March 2019. Plaintiff's assignments of error will be discussed seriatim.

#### 2. First Assignment of Error

First, Plaintiff argues that the ALJ erred in failing to give great weight to Dr. Barnett's opinions regarding Plaintiff's inability to consistently attend the workplace, and that the ALJ's findings are confusing because he accepted Dr. Barnett's clinical opinions with respect to Plaintiff's limitations after January 8, 2019, but gave no weight to Dr. Barnett's opinions prior to that date. Plaintiff further contends that the Court erred in giving little weight to the opinion of Dr. Mindy Pardoll, who conducted a psychological evaluation of Plaintiff at the request of the

Disability Determination Service, and whose opinions bolstered those Dr. Barnett expressed regarding Plaintiff's vocational limitations.

For all cases filed prior to March 27, 2017, as here, the regulations for evaluating medical opinion evidence are those set forth at 20 C.F.R. § 404.1527. As a general matter, an ALJ will assign controlling weight to an opinion from a treating source, but only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (quoting Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)); see also 20 C.F.R. § 404.1527(c)(2). When a treating source opinion is inconsistent with other evidence in the record, or if clinical evidence does not support the opinion, that opinion "should be accorded significantly less weight," regardless of its source. Craig, 76 F.3d at 590; 20 C.F.R. § 404.1527(c)(2).

When a treating source opinion is not given controlling weight, or when the record contains a medical opinion from a non-treating source, the ALJ evaluates the opinion in accordance with the following factors:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527(c)).

The Court finds that the ALJ properly explained why he afforded little weight to the respective 2017 and 2014 opinions of Drs. Barnett and Pardoll while affording great weight to Dr. Barnett's 2019 and 2020 opinions. (Tr. 769–70, 73). With respect to Dr. Barnett's 2017 opinion, the ALJ thoroughly explained his rationale for affording the opinion little weight, determining that the statement appeared to be based only on Plaintiff's subjective reports during a medical

7

evaluation and that Dr. Barnett's therapy notes did not reflect the same level of impairment. (Tr. 769). Further, the ALJ noted that Dr. Barnett's therapy notes were inconsistent with her exam findings and reflected that Plaintiff had no more than a moderate impairment from a functional standpoint. (Id.) The ALJ also explained that records from the same time period as Dr. Barnett's evaluations reflected that Plaintiff was responding well to therapy and medication management with the ability to maintain social relationships and care for her home and children without issue, despite Plaintiff's reports of feeling isolation due to anxiety and depression. (Id.)

The ALJ also properly explained his decision to afford little weight to Dr. Pardoll's consultative assessment, as her finding of Plaintiff's extreme limitations were not consistent with otherwise benign exam findings. (Id.) Like Dr. Barnett's 2017 opinion, the ALJ determined that Dr. Pardoll's assessment was based on Plaintiff's subjective self-reports and were not supported by Plaintiff's treatment record, which reflected only moderate mental health limitations. (Tr. 769–70).

As to Dr. Barnett's 2019 and 2020 opinions, the ALJ properly explained his reasoning for affording them great weight as they related to Plaintiff's experience of parasitic delusions. (Tr. 773). Specifically, the ALJ explained that the evidence, including records from emergency room visits, dermatological treatment, and Dr. Barnett's own records, clearly reflected Plaintiff's suffering from marked limitations due to the parasitic delusions since the established onset date. (Id.) The ALJ further explained that Plaintiff's parasitic delusions met the Listing level severity of section 12.03, warranting a finding of Plaintiff being "disabled" at the later-established onset date. (Id.)

In sum, the ALJ explained the reasons why he gave certain evidence more weight and why he gave less weight to certain evidence. In other words, the ALJ provided the "logical bridge" that

explains the reasoning behind his conclusions. As such, the Court finds that the ALJ properly evaluated the opinions of Drs. Barnett and Pardoll, explaining the reasons for his decision and supporting those reasons by discussing substantial evidence in the record.

In her supplemental brief, Plaintiff contends that the ALJ did not properly consider and discuss evidence from the May 23, 2019 hearing. The ALJ's decision references the May 23, 2019 hearing and includes discussion of testimony provided during both the May 2019 and February 2020 hearings. The Court determines that there is no ambiguity as to whether the ALJ considered the relevant testimony and a remand for the ALJ's further consideration is inappropriate and unnecessary. Plaintiff also argues that the ALJ erred in considering evidence earlier than her amended onset date. The Court finds that any error related to the ALJ considering evidence dating back to 2013 was harmless.

### 3. Second Assignment of Error

With respect to Plaintiff's second assignment of error, Plaintiff argues that the ALJ failed to comply with the Court's remand order with respect to his analysis of Plaintiff's moderate limitations in concentration, persistence, and pace. In the remand order, the Court found that the ALJ could have sufficiently accounted for limitations in pace by restricting Plaintiff to non-production pace, an environment that does not involve assembly line pace, or a low production setting, but in the May 16, 2017 decision the ALJ failed to do so (Tr. 855).

On remand, however, the ALJ complied with the Court's remand order by including the following limitations in the RFC: "The claimant can maintain concentration, persistence and pace for simple and repetitive tasks with customary breaks...[and] no assembly line work or strictly enforced daily production quotas" (Tr. 765). Plaintiff has failed to identify any error with the ALJ's analysis or identify what additional RFC limitations would have been warranted by the record.

Accordingly, the Court finds that the ALJ complied with the Court's remand order by assigning additional RFC limitations related to concentration, persistence, and pace, and set forth substantial evidence in support of that finding.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 25) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: May 3, 2023

Graham C. Mullen
United States District Judge